And we will move on to our ninth and last case of the day, United States v. Wilson. Ms. Christensen. May it please the court, counsel, good afternoon, your honors. My name is Joanna Christensen and I represent the appellant Carl Wilson in this case. The two errors in this case combined warrant reversal for resentencing. First being a procedural error regarding the district court's apparent conclusion that the career offender application was not discretionary in this case. And are you arguing on that that the defendant didn't technically qualify as a career offender or are you saying that the court didn't have to sentence him within the technically correct guideline calculation? The second, your honor. Okay. He did technically qualify. You see, that's, I mean, I had a similar question because when I look at what the district judge said when he says, but the career offender application is not a discretionary call for me, I understood that to mean when he calculated the guidelines. And we know under Gaul you have to start with the right guideline calculation even if you think it overstates or it understates or it does something wrong. And so he's right if he means, you know, I have to calculate the guidelines correctly even though I might think a minor marijuana offense shouldn't even be in there. But if it is, then you've got to do that and then you move on to the next stage. He makes a finding he's a career offender and then he starts adjusting. I think, your honor, that given the full analysis by the court, which is quoted in our brief, the first part being the discretionary nature of the career offender guidelines, that is one and two. But the guidelines aren't discretionary. Right. At least in terms of calculation. That's a guideline. And you should know precisely how this exchange occurred between defense counsel and Judge Durkin. So in other words, when you look at Judge Durkin's question, the career offender application is not a discretionary call for me, on page 7 of the appendix, well that's preceded by defense counsel talking about the court having discretion as to whether to impose, you know, or whether to find career offender status. I think that's what explains Judge Durkin's comment. It's because defense counsel was talking in terms of discretion. Do I read that correctly? I think that that's, I think there is ambiguity in the record from both what the court says and what defense counsel says. Because certainly nobody's arguing these offenses are not predicates for a career offender. Defense counsel wasn't arguing that. I think what defense counsel was doing is saying that this is a 3553A argument. And that's what the court says. He says, well, your argument's a good one under 3553A, that the guidelines as a career offender may overstate and so on. Then he says, but the career offender application is not a discretionary call for me. In other words, I've got to get it there in the guidelines before I move on to 3553A. And part of our analysis is then in the longer ruling by the court, which is quoted. The court actually doesn't address directly the career offender guidelines. Addresses the marijuana conviction and saying that that probably overstates that offense. But does not address the argument the career offender guideline overstates the entire offense in this case. But doesn't the court say, and this is at 31 of the appendix. The defense argument that the marijuana offense overstates the seriousness of the offense. And that's what you were arguing up front. It certainly does raise the offense level, I believe, higher than it normally would be. And he goes on and talks about, so I recognize that argument. But then he goes on to talk about the other 3553 factors. Isn't that sufficient to say he's considering that? I think, and we argue this in our brief, is that there's a difference between saying, hey, I recognize you're making that argument, and I've considered it, but rejected it. And that goes into the two cases we cite, the Penice and Pennington, where there is some ambiguity about the language the district court uses. In Penice, the district court says, I had no choice with the guidelines. And in Pennington, the district court said the guidelines are to be followed. And in both cases, this court remanded for a full resentencing. And I think the court's language, while not completely clear one way or another, leads to that ambiguity and leads to resentencing in this matter. But there is the further point that, after what Judge Sandy just referred to a couple of pages later. He says, Mr. Eberhardt, before I pass sentence, is there any argument of mitigation that you've made that I have not addressed? Why isn't that the time to say, we want you to realize that the career offender guideline itself is just way too high for this person in light of his history, his characteristics, his whatever you want to say? I think that defense counsel, at that point, probably thought he had preserved it fully. Because the district court said, you've preserved your issue for appeal. You've preserved your issue for appeal. And the government certainly doesn't rely on Garcia-Segura to say, oh, this is waived because defense counsel said there's no. But it's one thing to say, you've preserved it for appeal. And another thing to say, you haven't sufficiently addressed it. And that's what Judge Sturgeon was giving the defense lawyer the opportunity to do here. And I was not defense counsel, so I can't say exactly why. But the feeling that the judge had addressed the career offender, perhaps not, in retrospect, the exact same way that it was argued, which is part of the problem. It's also in conjunction with the Dean issue in this case. And the Dean issue was not preserved. Roberson was not objected to at the district court. So that does bring us into the Curitin, Wheeler, Starwalt realm of cases. And I will argue this is more like Curitin, in that it's unclear. The judge did not give a top of the guideline sentence. It was toward the higher end, but it was not a top of the guideline sentence. And that does not take into account the difference between the career offender guidelines and the non-career offender guidelines, which the court may want to do with additional discretion granted under Dean. Was there any discussion of Roberson at the district court level? No, none whatsoever. And that's not uncommon, given how seriously this court had affirmed Roberson several times prior to Dean being decided. Don't you think the sentence at a substantive level is really driven strongly not by misapprehension of Roberson or Dean or any of that, or the career offender guideline, but rather Mr. Wilson's offense conduct? Sure. I think that's true in most of these, like Starwalt and Wheeler. This is on the far end, isn't it, of very serious extreme bank robbery? I mean, he's firing shots at a teller or at the teller's desk during the bank robbery. I suppose I'm not the best person to ask about how bad the conduct is, because I do know what the conduct was in Wheeler. Someone was shot and nearly killed, saved only by the fact that there was a paramedic in the store. Starwalt pistol whipped someone in the store. Mr. Curitin also pistol whipped someone and pointed a gun at them. These are all very serious offenses. And Curitin did go back for a limited remand. Mr. Curitin had already been sentenced three times prior to that limited remand, and he got the same sentence twice. So if that's not enough for this court to affirm without little limited remand, I think the seriousness of the offense is one thing. But if we say, Judge, you might have discretion to change your sentence, we know this is a serious offense. They're all serious offenses. Would you do that? That might be one of these cases. But wouldn't the fact that Judge Durkin sentenced him within the middle of the guideline range, in addition to his comments about the dangerous nature of the defendant, wouldn't that signal that he didn't feel constrained by Robertson at all? I don't think it's that clear. And I think that's where it gets into the Curitin category, is that Curitin also received a middle of the guideline range sentence. And there were comments about the horrific nature of his offense. And that was a limited remand. And Robertson was not raised at all in Curitin either. I've personally represented Mr. Curitin since 2013. So I know that Robertson has never been argued. And so it's that ambiguity. I think in Wheeler, Wheeler took a different tack. The judge said it was absolute top of the guidelines. You well deserve this. And it was pretty clear from that case that the judge would not have considered a different sentence. And also, Wheeler, Curitin, Starwalt did not involve a procedural error, or at least an alleged procedural error as well. So I see I'm in my last minute. I will reserve it for rebuttal. Thank you very much. Mr. Srivastava. Good afternoon. May it please the court. Ankur Srivastava on behalf of the United States. This court should affirm the defendant's sentence, and there was no procedural error. The district court did exactly what it was supposed to do in this sentencing hearing when it began by calculating the correct guidelines range, considering the 3553 factors, and then imposing a fair and just sentence. And the one statement that the district court made, which we believe has been taken out of context, that the career offender application is not a discretionary call for me, that was in direct response to defense counsel saying it would be an abusive discretion for the court to find that the defendant qualified as a career offender under the guidelines. And I think this court already alluded to that in its questioning. So I'll move on to the second argument unless there are any other questions on that. With respect to the defendant's second argument that Dean requires remand, this case falls into the category of cases like Wheeler and Starwalt where there is no ambiguity, where there is no concern that the district court was constrained by Roberson. How do you distinguish Curitin from this? Well, this is closer to Wheeler and Starwalt because of the sentence. So the guidelines range in this case was 308, 355 months of imprisonment, and the district court imposed a sentence of 348 months, which was right near the very top of the guidelines range. And so under those facts, and given the rest of the record, the comments that the district court made, it's abundantly clear that the district court did not believe its hands were tied by Roberson, that it imposed a sentence that it did after considering all the 3553 factors because it believed that this conduct was extremely serious and that the defendant posed a danger to society. So if there are no additional questions, I would conclude by asking that the court affirm the defendant's sentence. All right. Thank you very much. So I'll give Ms. Christensen her final moment. I have two remarks. The Pennington case, this court said, the judge's remarks are subject to a variety of interpretations. And in that case, it must be remanded. So along with Penice, that's where we're going with this. As far as the court believing it was restrained by Roberson, the court didn't mention Roberson. Roberson was good law. And followed by every district court in this circuit at the time, there would be no reason for the district court to say, oh, by the way, parties, I am following Roberson. It wouldn't make sense unless it had been raised. And of course, we're here on a lot of these cases that have not been raised. So unless the court has questions, I will ask the court to reverse remand for resentencing. Thank you. Thank you very much. Thanks to both counsel. The court will take the case under advisement. And we will be in recess.